KESSELMAN BRANTLY STOCKINGER LLP
David W. Kesselman (State Bar No. 203838)
*dkesselman@kbslaw.com*
Trevor V. Stockinger (State Bar No. 226359)
*tstockinger@kbslaw.com*
Kara McDonald (State Bar No. 225540)
*kmcdonald@kbslaw.com*
1230 Rosecrans Avenue, Suite 690
Manhattan Beach, California 90266
Telephone:   (310) 307-4555
Facsimile:    (310) 307-4570

McLACHLAN LAW, APC
Michael D. McLachlan (State Bar No. 181705)
*mike@mclachlan-law.com*
Edward M. Chavez (State Bar. No. 146133)
*edward@mclachlan-law.com*
2447 Pacific Coast Highway
Hermosa Beach, California 90254
Telephone:   (310) 954-8270
Facsimile:    (310) 954-8271

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA PEREZ; ALICIA BALENCIA; CLARISSA CHUI; JOLIE CLARK; SARAH COLTON; DIELLY DIAZ; LAURA ESTRADA-SHEPHERD; CHELSEA GEYER; ANDREA GONZALEZ; ROSIE HERNANDEZ; TERESA HIGUERA-TABASSI; ALANA KAPUST; LORRY KRONE; ERIN LYNCH; JILL MAIER; MILA MALDONADO; DULCE McCALLISTER; SASHA CHELSEA McGOWAN; HALEY MEARS; TONY MILANI; MOLLY MILLER; | Case No.:  3:18-cv-4938<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

1
**COMPLAINT**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | LOREN ROTHBERRY; KRISTIN SHORE; DAVID SLOTTERBACK; DANIEL SOLIS; TRACY VEGA; and AUDREY ZARDKOOHI,<br><br>      Plaintiffs,<br><br> v.<br><br>COUNTY OF MARIN; and DOES 1 through 10, inclusive,<br><br>      Defendants. |

Plaintiffs, acting by and through their counsel, and requesting trial by jury, hereby allege as follows:

**SUMMARY OF THE CASE**

1. Plaintiffs are social workers employed by the County of Marin ("the County"). As social workers, Plaintiffs work long hours, often under difficult circumstances, providing critical services to the public. In addition to the challenges posed by the nature of Plaintiffs' work, Plaintiffs are burdened by high workloads – with many serving on call day and night to assist those in need. As a result, each Plaintiff has worked more than forty hours per week at various times during the relevant period prior to the filing of this Complaint. As mandated by the Fair Labor Standards Act ("FLSA"), Plaintiffs should have been paid overtime for all hours worked in excess of forty hours per week. Yet, the County has refused to pay overtime, notwithstanding its knowledge at all relevant times that Plaintiffs were inundated with heavy workloads that often required working more than forty hours per week.

2. The County has refused to pay Plaintiffs overtime because it has unlawfully misclassified Plaintiffs as exempt under the FLSA. The County's misclassification of Plaintiffs is willful because, at all relevant times, the County

knew, should have known and/or recklessly disregarded, that Plaintiffs were non-exempt and entitled to overtime pay. The County has ignored the express language of the FLSA and related regulations, as well as the law interpreting it. For example, in 2005, the United States Department of Labor – the agency designated to enforce the FLSA, issued an opinion letter expressly holding that social workers were non-exempt from the overtime components of the FLSA. Further, in *Solis v. Washington*, 656 F.3d 1079 (9th Cir. 2011), the Ninth Circuit held that social workers were not subject to exemption under the FLSA, and therefore entitled to overtime pay under the FLSA.

3. Plaintiffs, who work hard under difficult circumstances, have filed this lawsuit to recover what should have been rightfully paid by the County during the relevant period: overtime compensation for all hours worked beyond the forty-hour workweek.

## THE PARTIES

4. Plaintiff Veronica Perez has been employed as a social worker by the County during the FLSA class period. Ms. Perez worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

5. Plaintiff Alicia Balencia has been employed as a social worker by the County during the FLSA class period. Ms. Balencia worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

6. Plaintiff Clarissa Chui has been employed as a social worker by the County during the FLSA class period. Ms. Chui worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

7. Plaintiff Jolie Clark has been employed as a social worker by the County during the FLSA class period. Ms. Clark worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

8. Plaintiff Sarah Colton has been employed as a social worker by the County during the FLSA class period. Ms. Colton worked hours in excess of forty

per week without receiving proper compensation as required by the FLSA.

9. Plaintiff Dielly Diaz has been employed as a social worker by the County during the FLSA class period. Ms. Diaz worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

10. Plaintiff Laura Estrada-Shepherd has been employed as a social worker by the County during the FLSA class period. Ms. Estrada-Shepherd worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

11. Plaintiff Chelsea Geyer has been employed as a social worker by the County during the FLSA class period. Ms. Geyer worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

12. Plaintiff Andrea Gonzalez has been employed as a social worker by the County during the FLSA class period. Ms. Gonzalez worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

13. Plaintiff Rosie Hernandez has been employed as a social worker by the County during the FLSA class period. Ms. Hernandez worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

14. Plaintiff Teresa Higuera-Tabassi has been employed as a social worker by the County during the FLSA class period. Ms. Higuera-Tabassi worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

15. Plaintiff Alana Kapust has been employed as a social worker by the County during the FLSA class period. Ms. Kapust worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

16. Plaintiff Lorry Krone has been employed as a social worker by the County during the FLSA class period. Ms. Krone worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

17. Plaintiff Erin Lynch has been employed as a social worker by the

1  County during the FLSA class period.  Ms. Lynch worked hours in excess of forty
2  per week without receiving proper compensation as required by the FLSA.
3       18.   Plaintiff Jill Maier has been employed as a social worker by the
4  County during the FLSA class period.  Ms. Maier worked hours in excess of forty
5  per week without receiving proper compensation as required by the FLSA.
6       19.   Plaintiff Mila Maldonado has been employed as a social worker by
7  the County during the FLSA class period.  Ms. Maldonado worked hours in excess
8  of forty per week without receiving proper compensation as required by the FLSA.
9       20.   Plaintiff Dulce McAllister has been employed as a social worker by
10 the County during the FLSA class period.  Ms. McAllister worked hours in excess
11 of forty per week without receiving proper compensation as required by the FLSA.
12      21.   Plaintiff Sasha Chelsea McGowan has been employed as a social
13 worker by the County during the FLSA class period.  Ms. Chelsea McGowan
14 worked hours in excess of forty per week without receiving proper compensation
15 as required by the FLSA.
16      22.   Haley Mears has been employed as a social worker by the County
17 during the FLSA class period.  Ms. Mears worked hours in excess of forty per
18 week without receiving proper compensation as required by the FLSA.
19      23.   Tony Milani has been employed as a social worker by the County
20 during the FLSA class period.  Mr. Milani worked hours in excess of forty per
21 week without receiving proper compensation as required by the FLSA.
22      24.   Plaintiff Molly Miller has been employed as a social worker by the
23 County during the FLSA class period.  Ms. Miller worked hours in excess of forty
24 per week without receiving proper compensation as required by the FLSA.
25      25.   Plaintiff Loren Rothberry has been employed as a social worker by
26 the County during the FLSA class period.  Ms. Rothberry worked hours in excess
27 of forty per week without receiving proper compensation as required by the FLSA.
28      26.   Plaintiff Kristin Shore has been employed as a social worker by the

County during the FLSA class period.  Ms. Shore worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

27.   Plaintiff David Slotterback has been employed as a social worker by the County during the FLSA class period.  Mr. Slotterback worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

28.   Plaintiff Daniel Solis has been employed as a social worker by the County during the FLSA class period.  Mr. Solis worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

29.   Plaintiff Tracey Vega has been employed as a social worker by the County during the FLSA class period.  Ms. Vega worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

30.   Plaintiff Audrey Zardkoohi has been employed as a social worker by the County during the FLSA class period.  Ms. Zardkoohi worked hours in excess of forty per week without receiving proper compensation as required by the FLSA.

31.   Plaintiffs, each of them, consent to sue for violations of the FLSA, pursuant to 29 USC ¶¶ 216(b) and 256.

32.   Defendant County of Marin has, at all relevant times, employed Plaintiffs as social workers.  The County has not paid Plaintiffs, and each of them, proper overtime pursuant to the requirements of the FLSA.

33.   The true names and capacities, whether individual, governmental, corporate or otherwise of defendants DOES 1 through 10 are unknown to Plaintiffs at this time and Plaintiffs therefore designate those defendants by these fictitious names.  Each of the defendants sued herein as a DOE is legally responsible in some manner for the events and acts referred to hereinafter and which proximately caused injury to the named Plaintiffs and all social workers similarly situated.  When the true identifies of fictitious defendants become known, Plaintiffs will ask leave of Court to amend this Complaint by adding their true names and capacities.

## JURISDICTION AND VENUE

34. The FLSA, 29 U.S.C. § 216(b), provides this federal court with jurisdiction over this action. Venue is proper because this action is brought against the County of Marin, located within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated social workers employed by the County during the relevant time period.

36. Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and have been subject to the County of Marin's common practice, policy or plan of unlawfully characterizing social workers as exempt employees and refusing to pay overtime in violation of the FLSA.

37. The First Cause of Action for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because the claims of Plaintiffs are similar to the claims of all social workers employed by the County during the relevant time period.

38. The names and addresses of all similarly situated social workers are available in the County's records and files. Notice should be provided to similarly situated social workers with first class mail, e-mail, and posting in the offices where they have worked as soon as practicable.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)

39. Plaintiffs, on behalf of themselves and all other similarly situated social workers employed by the County during the relevant time period, reallege and incorporate by reference paragraphs 1 through 38 as if they were fully set forth herein.

7
**COMPLAINT**

40.     At all relevant times, the County was an employer within the meaning of the FLSA.  Pursuant to the FLSA, the County was and is required to compensate Plaintiffs at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per week.

41.     Plaintiffs, and each of them, worked more than forty (40) hours per week at various times during the relevant time period.  At all relevant times, the County failed to pay Plaintiffs overtime for work performed beyond forty hours as required by the FLSA.

42.     By failing to compensate Plaintiffs, and all other similarly situated social workers, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week, the County violated the FLSA, 29 U.S.C. § 201 et seq.

43.     By failing to record, report or preserve records of overtime hours worked by Plaintiffs, the County has failed to maintain records for each nonexempt employee sufficient to determine Plaintiff's wages, hours, and other conditions of employment, in violation of the FLSA.

44.     The County knew, should have known, and/or recklessly disregarded, that Plaintiffs, and each of them, were entitled to overtime pay.  The County's conduct, as alleged herein, constitutes a willful violation of the FLSA, as set forth in 29 U.S.C. § 255(a).

45.     Plaintiffs, on behalf of themselves and all others similarly situated, seek damages in the amount of unpaid overtime compensation, and liquidated damages as provided by the FLSA 29 U.S.C. § 216(b).  Plaintiff's further request, on behalf of themselves and all others similarly situated, attorneys' fees and costs to be paid by the County, as provided by the FLSA.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all others similarly situated, pray for relief as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs asserting FLSA claims, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In-Class, apprising them of the pendency of this litigation, and permitting them to assert FLSA claims by filing individual Consent to Sue forms;

2. An award of damages, according to proof, including liquidated damages, to be paid by the County;

3. Costs incurred in bringing this action;

4. Attorneys' fees pursuant to 29 U.S.C. § 216(b);

5. Pre-judgment interest as provided by law;

6. Such other legal and equitable relief as this Court deems necessary, just and proper.

DATED: August 14, 2018		KESSELMAN BRANTLY STOCKINGER LLP

By:     */s/ David W. Kesselman*
          David W. Kesselman
          Trevor V. Stockinger
          Kara D. McDonald

*Attorneys for Plaintiffs*

McLACHLAN LAW, APC

By:     */s/ Michael D. McLachlan*
          Michael D. Mclachlan
          Edward M. Chavez

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

DATED: August 14, 2018        KESSELMAN BRANTLY STOCKINGER LLP

By: */s/ David W. Kesselman*
    David W. Kesselman
    Trevor V. Stockinger
    Kara D. McDonald

*Attorneys for Plaintiffs*

McLACHLAN LAW, APC

By: */s/ Michael D. McLachlan*
    Michael D. Mclachlan
    Edward M. Chavez

*Attorneys for Plaintiffs*